UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EARNEST EDWARD GAINES,

                    Plaintiff,

        -against-

ASTRAZENCA PHARMACEUTICAL;
FERRER, POIROT & WANSBROUGH,
Attorneys at Law; HOWARD L. NATIONS,
The Nations Law Firm,

                    Defendants.

---

21-CV-5323 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated in Texas, brings this action *pro se*. He alleges that Defendants violated his rights in connection with the settlement distribution he received as a member of a class action suit concerning the medication Seroquel, which was brought in the Supreme Court of the State of New York, New York County, against AstraZeneca Pharmaceuticals, LP. *See Fishman et al. v. Astrazeneca Pharmaceuticals, LP, et al.*, Index No. 09109049 (N.Y. Sup. Ct.).

By order dated July 14, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court directs Plaintiff to show cause, within 30 days of the date of this order, why the Court should not dismiss this action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Ernest Gaines is a convicted prisoner incarcerated in Texas. On June 25, 2009, attorney Howard Nations filed suit in the Supreme Court of the State of New York, New York County, against AstraZeneca Pharmaceuticals, LP ("AstraZeneca"), alleging that the company's principal place of business was in New York County. (ECF 2-1 at 39-40).[1] The suit was brought on behalf of a class of individuals, including Plaintiff, who had allegedly been harmed by AstraZeneca's medication, Seroquel. The plaintiffs in that action alleged, among other things, that AstraZeneca failed to provide adequate warning about the risk of diabetes from Seroquel.

Plaintiff attaches an intake form, which is on the letterhead of the law firm Ferrer, Poirot & Wansbrough, that states that Plaintiff took Seroquel from December 21, 2005, to June 12, 2006. (ECF 2 at 22.) The form, which is undated, indicates that Plaintiff had gained 20 pounds while taking Seroquel and that he had not at that time been diagnosed with diabetes. (*Id.* at 23.)

Plaintiff attaches a retainer agreement with the law firm Ferrer, Poirot & Wansbrough, which provides among other things that the case may be referred to another law firm and that half of any attorney's fees recovered will be paid to Howard L. Nations. (ECF 2 at 27-28.) The retainer agreement, which Plaintiff signed on April 23, 2008, also explains that any settlement funds recovered may be distributed according to a matrix categorized, for example, by severity of injury and exposure. (*Id.*) The retainer agreement also includes a choice-of-law provision: "This contract is originated in, and performable in, the State of Texas. It is to be governed by Texas law. In the event of any dispute arising out of this contract, Texas law shall govern that dispute." (*Id.* at 29.)

---

[1] On the state court summons, Nations listed his law offices as being in New York, and Houston, Texas. (ECF 2-1 at 40.)

In 2012, attorney Howard Nations wrote to class members, notifying them that numerous Seroquel cases similar to theirs had been dismissed, due to difficulties proving that Seroquel caused diabetes. The New York Supreme Court action settled, and it appears that Plaintiff's net award— after paying $4,485.98 in attorney's fees and $392.26 in costs— was $6,336.71. (ECF 2 at 35.)

Plaintiff notes that, according to a Bloomberg News article published in February 2011, the average payout for settlement of claims that Seroquel caused diabetes was $25,000. Plaintiff contends that attorney Nations "shortage me on the settlement by $14,000." (ECF 2 at 15.) Plaintiff further argues that "Mr. Nations misinformed/malpractice me of the damage this medication really capable of causing." (*Id.*)

Several years after receiving the settlement payment, Plaintiff was diagnosed on May 7, 2014, as diabetic. (*Id.*) He contends that Seroquel damaged his pancreas and caused his diabetes. Plaintiff attaches to the complaint his July 2019 letter to attorney Howard Nations, which Plaintiff states that he has diabetes and seeks "a new class claims reconciliation form." (*Id.* at 94.)

Plaintiff attaches a summons reflecting that in April 2020, he submitted to the Supreme Court of the State of New York, New York County, a complaint naming AstraZeneca as a defendant. (ECF 2-1 at 1.) But the complaint that he submitted to the state court is captioned for the "United States District Court for the Southern District of New York" – that is, for the federal court rather than the state court. Other documents that Plaintiff submitted to the state court included the caption "United States Supreme Court for the State of New York." (ECF 2-1 at 1.) Apparently because of the federal court caption, the state court notified Plaintiff that it appeared that he intended to file his suit in federal court and directed him to mail his submissions here.

Plaintiff brings this suit against his former attorneys, Howard Nations and the law firm Ferrer, Poirot & Wansbrough, and against Astrazeneca Pharmaceuticals. Plaintiff seeks a "New Class Claims Reconciliation," and alleges that "$500,000.00 really is not enough." (ECF 2 at 16.) He also requests appointment of counsel.

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited. Jurisdiction is available in federal court only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . ."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## A.    Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Invoking federal jurisdiction, without pleading any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction.  *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Here, Plaintiff checks a box on the Court's form complaint, indicating that this suit involves a violation of his federal constitutional rights. (ECF 2 at 2.) Because Plaintiff sues only private parties—attorneys and a pharmaceutical company—his claims do not arise under the United States Constitution. *See Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."); *see also Frierson-Harris v. Hough*, No. 05-CV-3077 (DLC), 2006 WL 298658, at * (S.D.N.Y. Feb. 7, 2006) ("That a lawyer is an officer of the court does not render him a state actor for purposes of § 1983."); *Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (same). Plaintiff's claims that his attorneys engaged in malpractice arise under state law.[2] Plaintiff does not identify any federal law under which his claims against AstraZeneca arise.[3]

The Court also notes that the New York Supreme Court (state court) stated in its letter to Plaintiff that it appeared that he intended to file his suit in the United States District Court for the Southern District of New York and provided him with the address for this Court. The state court seems to have done so because the caption on the papers that Plaintiff submitted to the state court indicated that the papers were being filed in the "United States District Court for the Southern District of New York." (ECF 2-1 at 26.) It therefore appears that Plaintiff was directed to file his papers in this Court because of the erroneous caption on his papers – not because the clerk in the state court had made an independent assessment that the federal court was the proper court for his claims to be heard. In sum, Plaintiff's complaint fails to show that he brings any claim arising under federal law.

---

[2] In light of the choice-of-law provision in Plaintiff's retainer agreement, Texas law may apply to his claims against his attorneys.

[3] Moreover, if, as it appears, Plaintiff has accepted payment in satisfaction of his claims against AstraZeneca, he likely cannot pursue a new action against AstraZeneca arising from the same claim.

**B.**     **Diversity Jurisdiction**

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction

of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that

the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524

U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the

claim is in excess of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a);

*Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

For diversity purposes, an individual is a citizen of the State where he is domiciled.

*Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and

citation omitted) (defining domicile as the place where a person "has his true fixed home . . . and

to which, whenever he is absent, he has the intention of returning."). An unincorporated entity

possesses the citizenship of *each* of its members. *See Americold Realty Trust v. Conagra Foods,*

*Inc.*, 577 U.S. 378, 383 (2016); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (adhering

to the "oft-repeated rule" that courts must "count every member of an unincorporated association

for purposes of diversity jurisdiction"); *Handelsman v. Bedford Village Assoc. Ltd. P'ship*, 213

F.3d 48, 51 (2d Cir. 2000) ("[T]he citizenship of a limited liability company depends upon the

citizenship of its members.").

Plaintiff lists addresses for himself and the attorney defendants in Texas; Plaintiff does

not plead facts about whether the law firm is a corporation, limited liability partnership, or some

other entity. But because it appears from the complaint that there are citizens of Texas on both

sides, diversity of citizenship is not complete, and the Court cannot exercise diversity jurisdiction

over this matter.

Plaintiff does not plead any facts about the citizenship of AstraZeneca Pharmaceuticals

for purposes of § 1332, but it may qualify as a citizen of New York. *See Hertz Corp. v. Friend*,

559 U.S. 77, 93 (2010) (holding that a corporation is a citizen of both the State where it is incorporated and the State where it has its principal place of business). Federal courts generally must grant a plaintiff an opportunity "'to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship.'" *Pearson v. Reid-Robinson*, 632 F. App'x 19 (2d Cir. 2016) (summary order) (quoting *Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987)). Here, if Plaintiff amends his complaint to drop his legal malpractice claims against Defendants Howard Nations and Ferrer, Poirot & Wansbrough, who appear to be domiciled in the same state where Plaintiff is domiciled (Texas), only Plaintiff's claims against AstraZeneca would remain, and he arguably could show diversity of citizenship. But because Plaintiff alleges that he has already settled his claims against AstraZeneca, he likely cannot relitigate those claims, and it appears that it would be futile to grant Plaintiff leave to amend his complaint to name AstraZeneca as the sole defendant in this action.[4]

The Court therefore directs Plaintiff to show cause, by filing a written declaration within 30 days of the date of this order, why this action should not be dismissed without prejudice for lack of subject matter jurisdiction.

**CONCLUSION**

The Court directs Plaintiff to show cause, by filing a written declaration within 30 days of the date of this order, why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff's declaration, if any, should be submitted to the Pro Se Intake Unit within 30 days and should bear the docket number 21-CV-5323 (LTS). A declaration form is attached to this order.

---

[4] It is unclear if the settlement provided any mechanism for recovery for further injuries arising after settlement of the class action suit.

If Plaintiff fails to submit a declaration within 30 days, or if the declaration does not show that the Court has subject matter jurisdiction over this action, the complaint will be dismissed for lack of subject matter jurisdiction. The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    July 26, 2021
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____          _____
Executed on (date)               Signature

_____          _____
Name                             Prison Identification # (if incarcerated)

_____    _____   _____   _____
Address                    City         State       Zip Code

_____          _____
Telephone Number (if available)  E-mail Address (if available)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Attach additional pages and documents if necessary.


_____          _____
Executed on (date)               Signature


_____          _____
Name                                      Prison Identification # (if incarcerated)


_____   _____   _____   _____
Address                           City              State        Zip Code


_____          _____
Telephone Number (if available)          E-mail Address (if available)