UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERNEST EDWARD GAINES,

                          Plaintiff,

          -against-

ASTRAZENECA PHARMACEUTICAL;
FERRER, POIROT & WANSBROUGH;
HOWARD L. NATIONS,

                          Defendants.

---

21-CV-5323 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is incarcerated in the custody of the Texas Department of Criminal Justice in Lamesa, Texas, is proceeding *pro se* and *in forma pauperis*. Plaintiff sues attorney Howard Nations, the law firm Ferrer, Poirot & Wansbrough, and Astrazeneca Pharmaceuticals, LP. By order dated July 26, 2021, the Court directed Plaintiff to submit a declaration showing cause why the Court has subject matter jurisdiction of this action.

Plaintiff filed a declaration on September 28, 2021, and the Court has reviewed it. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 30 days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject

matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

Plaintiff Ernest Gaines alleges the following in his complaint. Attorney Howard Nations

filed a class action suit in the New York Supreme Court, New York County, *Fishman et al. v.*

*Astrazeneca Pharmaceuticals, LP, et al.*, Index No. 09109049 (N.Y. Sup. Ct.), on behalf of

Plaintiff and others, alleging that they were inadequately warned about potential harm from the

drug Seroquel. (ECF 2-1 at 38). One or more attorneys from the law firm of Ferrer, Poirot &

Wansbrough also appeared on behalf of the plaintiff class. As of the date the class action settled

in 2012, Plaintiff suffered from "hyperglycemia" but had not been diagnosed with diabetes. (ECF

2 at 4.) Counsel notified class members that recovery for the suit was less than expected because

of difficulties proving that Seroquel had caused the class members' injuries. Plaintiff's share of

the settlement was $11,214.95, and after deduction of attorney's fees and costs, he received a

settlement payment of $6,336.71.

At some point, Plaintiff came across a 2011 news article that stated that the "average

payout" in class action litigation about Seroquel was approximately $25,000. (*Id.* at 40). Plaintiff

writes that attorney "Howard Nations really shortage me by $14,000." (*Id.* at 15.)

After Plaintiff received payout of the settlement, in 2014, he was diagnosed with

diabetes. (*Id.*) Plaintiff contends that Seroquel damaged his pancreas, causing his diabetes. (*Id.*)

Plaintiff argues that even "$500,000 is really not enough" to settle his claims, because he has "to

live with this condition for the rest of [his] life." (*Id.*) He contends that "Mr. Nations

misinformed/malpractice me of the damage this medication really capable of causing." (*Id.*)

After settlement, Plaintiff sent letters and other documents to class counsel and the state

court. The documents that he sent to the state court were captioned for the "United States

Supreme Court for the State of New York" or "United States District Court for the State of New York" (ECF 2-1 at 1); the state court, apparently understanding that Plaintiff intended to file in federal court because his papers were captioned for a court of the "United States," directed Plaintiff to send his papers to this court. (*Id.* at 23, 29, 46.)

By order dated July 26, 2021, the Court notified Plaintiff of the legal standards for establishing federal question and diversity jurisdiction. The Court also explained that Plaintiff could drop any defendant who destroyed diversity jurisdiction, so long as the defendant was not indispensable. The Court granted Plaintiff an opportunity to submit a declaration showing that the Court had subject matter jurisdiction of this action. The Court also raised the likelihood that Plaintiff could not relitigate the same claims that he had already settled.

## DISCUSSION

### A.    Diversity of Citizenship

As set forth in the Court's July 26, 2021 order, the subject matter jurisdiction of federal courts is limited. (ECF 8.) Jurisdiction is available in federal court only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

In his September 28, 2021 declaration, Plaintiff invokes the Court's diversity jurisdiction, and the Court therefore considers whether Plaintiff and the defendants are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where he is domiciled. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted) (defining domicile as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he

has the intention of returning."). A corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," § 1332(c)(1),[1] and a limited partnership or other unincorporated entity possesses the citizenship of each of its members, *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016). *See also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (adhering to the "oft-repeated rule" that courts must "count every member of an unincorporated association for purposes of diversity jurisdiction"); *Handelsman v. Bedford Vill. Associates Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000) (holding that a limited partnership has the citizenship of each of its general and limited partners).

In his declaration, Plaintiff avers that he resides in and is a citizen of Texas. He refers to Defendant Astrazeneca Pharmaceuticals for the first time as "LP," that is, as a limited partnership, which is an unincorporated entity. Plaintiff also states, incongruously, that Astrazeneca Pharmaceuticals LP is "incorporated in" New York, and has its principal place of business in New York. *But see, e.g.*, *Astrazeneca Pharm. LP  v. Intellipharmaceuticals Corp.*, 1:12-CV-02855-RJS (S.D.N.Y.) (ECF 1) (complaint by Astrazeneca Pharmaceuticals LP alleging that it is a limited partnership organized under the laws of Delaware, and having its principal place of business in Delaware). Although Plaintiff's allegations are muddled – because he alleges both that Astrazeneca Pharmaceuticals LP is an unincorporated entity and that it is incorporated in New York – it appears that Plaintiff and Defendant Astrazeneca Pharmaceuticals LP, may be diverse.

---

[1] *See also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters).

Diversity of citizenship must be complete, however, and the presence of a nondiverse defendant defeats diversity jurisdiction. Plaintiff's complaint, in which he indicates that Defendant Howard Nations has a law office in Texas, suggests that both he and Defendant Nations may be citizens of the same state and therefore not diverse. Plaintiff did not mention Defendant Howard Nations or Defendant Ferrer, Poirot & Wansbrough in his declaration, either to include facts about their citizenship or to indicate that he intends to drop them from his complaint because they are dispensable, nondiverse defendants.

Because the Court may have diversity jurisdiction of Plaintiff's claims against at least one defendant, the Court grants Plaintiff leave to file an amended complaint. In the amended complaint, Plaintiff must plead facts showing complete diversity of citizenship between himself and any named defendants. Thus, if any defendant is, like Plaintiff, a citizen of Texas, Plaintiff must not include that defendant in his amended complaint because the presence of a defendant who is a citizen of the same state will destroy diversity jurisdiction. *See Schacht*, 524 U.S. at 388.

Although the Court grants Plaintiff leave to amend his complaint to show that the Court has diversity jurisdiction of this action, the Court notes that Plaintiff's prior suit against Astrazeneca Pharmaceuticals LP, may preclude him from relitigating the same claims.

**B.      The Preclusive Effect of Prior State Court Litigation**

Under the doctrine of claim preclusion, also known as *res judicata*, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action to support [a subsequent civil] action." *Proctor v. LeClaire*, 715 F.3d 402, 411 (2d Cir. 2013) (citation and internal quotation marks omitted, first alteration in original); *see also Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)

5

(explaining that claim preclusion limits repetitious suits, establishes certainty in legal relations, and preserves judicial economy).

Where a plaintiff's earlier suit was in state court, "a federal court must give the judgment the same effect that it would have in the courts of the State in which it was rendered." *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 369 (1996). The Full Faith and Credit Act mandates that the "judicial proceedings" of any State "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738. The Act thus directs all courts to treat a state court judgment with the same respect that it would receive in the courts of the rendering state. *Matsushita Elec. Indus. Co.*, 516 U.S. at 373. Moreover, "a judgment entered in a class action, like any other judgment entered in a state judicial proceeding, is presumptively entitled to full faith and credit." *Id.* at 374.

 "Under New York law, the doctrine of claim preclusion bars litigation of claims or defenses that were or could have been raised in a prior proceeding where that prior proceeding resulted in a final judgment on the merits and arose out of the same factual grouping as the later claim, even where the later claim is based on different legal theories or seeks dissimilar or additional relief." *In re Cort & Medas Assocs., LLC*, 626 B.R. 372, 379 (E.D.N.Y. 2021) (quoting *L.A.M. Recovery, Inc. v. Dep't of Consumer Affs.*, 345 F. Supp. 2d 405, 409-10 (S.D.N.Y. 2004)).

Here, it appears from the allegations of the complaint that Plaintiff's earlier suit in state court resulted in an adjudication on the merits against Astrazeneca Pharmaceuticals LP, the same defendant named in this action. It further appears from Plaintiff's complaint that his claim in the state court action was for harm that he suffered as a result of taking Seroquel at the Dallas County Jail in 2005-2006. Plaintiff now seems to allege that his injuries either worsened after the

settlement or were, at the time of the settlement, worse than he realized. If Plaintiff chooses to file an amended complaint asserting a claim against Astrazeneca Pharmaceuticals LP, he must plead facts showing that he has a claim that is not barred by prior adjudication— that is, a claim that could not have been raised at the time of settlement and that does not merely rest on a new legal theory or seek a different remedy. *See, e.g.*, *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017).

In addition to any claim that Plaintiff may seek to assert against Astrazeneca Pharmaceuticals LP, Plaintiff also alleges that that he seeks a new "class claims reconciliation" because he "was not seen by a doctor to see how much the Seroquel medication had caused damage to his body." (*Id*. at 15-16.) It is unclear if Plaintiff is suggesting that the defendant attorneys were responsible for failing to accurately value his injuries before settlement. If Plaintiff continues to name either Defendant Nations or Defendant Ferrer, Poirot & Wansbrough in his amended complaint, he must also plead facts clarifying what they did or failed to do that injured him.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to show that the Court has diversity jurisdiction of this action, the Court grants

Plaintiff 30 days' leave to amend his complaint to allege facts showing that he has some claim not barred by his prior settlement.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who harmed him and how; when and where such injury occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-5323 (LTS). An Amended Complaint form is

attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Clerk of Court is directed to terminated Plaintiff's motion for leave to amend his complaint (ECF 3) and motion to correct his complaint (ECF 4).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue). The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   October 12, 2021
         New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

(Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                       (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name               Middle Initial      Last Name

_____

Street Address

_____

County, City                    State          Zip Code

_____     _____

Telephone Number             Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                State                   Zip Code

Defendant 2:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                State                   Zip Code

Defendant 3:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                State                   Zip Code

Defendant 4:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.