UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERNEST EDWARD GAINES,

                Plaintiff,

-against-

ASTRAZENECA PHARMACEUTICAL;
FERRER, POIROT & WANSBROUGH;
HOWARD L. NATIONS, THE NATIONS LAW
FIRM,

                Defendants.

21-CV-5323 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is incarcerated in Texas, proceeds *pro se* and *in forma pauperis* in this action. Plaintiff received a settlement in 2012, as a member of a class action in the Supreme Court of the State of New York, New York County, against Astrazeneca Pharmaceutical for harms allegedly caused by the drug Seroquel. Plaintiff now believes that his settlement was too low because (1) he has learned that the average settlement in litigation about the drug Seroquel was generally $14,000 higher than the amount he received; and (2) after the settlement concluded, in 2014, he developed further medical issues that he also attributes to his use of Seroquel for six months (from approximately December 21, 2005 to June 12, 2006).

      Plaintiff brought this complaint in June 2021, naming as defendants Astrazeneca Pharmaceutical and two law firms whose attorneys represented Plaintiff in the state court class action.[1] By order dated July 26, 2021, the Court notified Plaintiff that he had not satisfied his burden of showing that the federal court had subject matter jurisdiction of this matter because

---

[1] Plaintiff attached to the complaint a retainer agreement for the class action stating that Texas law would apply to any claim arising out of the agreement.

(1) he did not bring a claim arising under federal law, and (2) the allegations of his complaint suggested that both he and one (or both) of the law firm defendants are citizens of the same state (Texas) and the Court thus did not have diversity jurisdiction of the matter.[2] The Court directed Plaintiff to show cause why the action should not be dismissed for lack of subject matter jurisdiction. Plaintiff requested an extension of time to respond, which the Court granted, and Plaintiff eventually filed a declaration but failed to comply with the Court's order to indicate whether he wished to drop from his complaint any non-diverse defendant.

The Court then granted Plaintiff leave to file an amended complaint that would, among other things, satisfy Plaintiff's burden of demonstrating that the Court has subject matter jurisdiction of this action. The Court explained that to invoke diversity jurisdiction, Plaintiff must plead facts about the citizenship of each defendant and can only include defendants who are not citizens of the same state where he is a citizen. Plaintiff now asks the Court to grant him an additional 90 days in which to file an amended complaint.

At this stage, the primary issue is whether the federal court has jurisdiction to hear Plaintiff's claims, or whether he must bring them in state court. The Court is therefore not inclined to delay resolution until February 2022 as requested because if, as it appears, there is no subject matter jurisdiction, then Plaintiff may wish to bring his claims in a court of general jurisdiction. Moreover, whether in this court or another, Plaintiff may face questions about the timeliness of his claims, because he seems to allege that his harms were caused by using Seroquel in December 2005 and 2006, and that in 2014, he discovered new injuries attributable

---

[2] Plaintiff attempted to file documents in the New York State Court class action proceeding but those papers were erroneously captioned for a court of the "United States," and the state clerk therefore indicated to Plaintiff that it appeared that his papers were intended for federal court.

to his earlier use of Seroquel.³ The Court therefore denies Plaintiff's request to extend until February 9, 2022, the time to file an amended complaint. Instead, the Court grants Plaintiff an additional 30 days from the date of this order to respond.

If Plaintiff chooses to file an amended complaint, Plaintiff must include facts showing that the Court has subject matter jurisdiction of this action. To invoke the Court's diversity jurisdiction, for each defendant named in the caption of the complaint, he must plead facts about the citizenship of the defendant. A corporation is a citizen of both the state where it has its principal place of business and the state where it is incorporated, *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010), but a limited liability company or limited partnership takes the citizenship of each of its members, *Bayerische Landesbank v. Aladdin Capital Mgmt., LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (holding that a limited liability company "takes the citizenship of each of its members" for diversity purposes); *see also Handelsman v. Bedford Vill. Associates Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000) (holding that a limited partnership has the citizenship of each of its members). If Plaintiff's amended complaint names a defendant who is a citizen of the same state as Plaintiff, this will defeat diversity of citizenship and require dismissal of the action for lack of subject matter jurisdiction; such a dismissal is without prejudice to Plaintiff's pursuing his claims in an appropriate forum.

Plaintiff also asks the Court to direct the Clerk of Court to provide him a copy of his original complaint. Plaintiff has not provided any basis for waiving the charges for copies, and the Court declines to do so. The Court directs the Clerk to transmit Plaintiff's request for copies to the Records Management Unit for a response.

---

³ Moreover, as noted in the Court's prior orders, Plaintiff's settlement of his claims against Astrazeneca Pharmaceutical may preclude him from seeking additional damages arising from the same facts already litigated.

3

## CONCLUSION

Plaintiff's request for an extension of time until February 2022 to amend his complaint (ECF 16) and his motion for a copy of his complaint (ECF 17) are denied. The Court grants Plaintiff leave to file an amended complaint within 30 days of the date of this order. An amended complaint form is attached to this order. The Court directs the Clerk of Court to transmit Plaintiff's request for copies (ECF 17) to the Records Management Unit for a response.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   November 22, 2021
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge