UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERNEST EDWARD GAINES,

                Plaintiff,

-against-

ASTRAZENECA PHARMACEUTICAL;
FERRER, POIROT & WANSBROUGH;
HOWARD L. NATIONS; THE NATIONS
LAW FIRM,

                Defendants.

21-CV-5323 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiff, who is currently incarcerated in the Preston E. Smith Unit in Lamesa, Texas, and appearing *pro se*, brings this action invoking the Court's federal question and diversity jurisdiction, 28 U.S.C. §§ 1331, 1332. In 2012, Plaintiff received a settlement as a member of a class action suit against AstraZeneca Pharmaceutical, LP (AstraZeneca), in the Supreme Court of the State of New York, New York County, for harms allegedly caused by the drug Seroquel. Nearly a decade later, in June 2021, Plaintiff filed the original complaint in this action, naming as defendants AstraZeneca and two law firms whose attorneys represented him in the state court class action.

       The Court then granted Plaintiff an opportunity to show cause why the action should not be dismissed for lack of subject matter jurisdiction. Plaintiff's response was inconclusive, and the Court then granted him an opportunity to amend his complaint to plead facts showing diversity jurisdiction under 28 U.S.C. § 1332. After the Court granted Plaintiff a total of four extensions of time, Plaintiff has filed an amended complaint (ECF 23). After review of the amended complaint, the Court dismisses the action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

The following allegations are from the amended complaint. In April 2008, Plaintiff completed a client contact sheet for a class action suit against AstraZeneca Pharmaceuticals, LP (AstraZeneca), the manufacturer of Seroquel.[1] Two law firms represented Plaintiff in the class action: Ferrer, Poirot & Wansbrough, which Plaintiff describes as a Dallas, Texas, law firm, and the Law Firm of Howard L. Nations, for which he provides an address in Houston, Texas.[2] (ECF 23 at 5.)

In 2012, Plaintiff received a settlement in the class action.[3] The amount of Plaintiff's

---

[1] In the contact sheet attached to the original complaint, Plaintiff indicated that he took Seroquel for just under six months, from December 21, 2005, to June 12, 2006, while he was detained in the Dallas County Jail. (ECF 2 at 22.)

[2] Plaintiff attached to his original complaint a retainer agreement with the following provision: "This contract is originated in, and performable in, the State of Texas. It is to be governed by Texas law. In the event of any dispute arising out of this contract, Texas law shall govern that dispute." (ECF 2 at 29.)

[3] In his original complaint, Plaintiff attached documents indicating that his share of the settlement was $11,214.95, and that after deduction of attorney's fees and costs, he received a settlement payment of $6,336.71. (ECF 2 at 35.)

distribution was based on a matrix awarding different amounts to those with different injuries, and Plaintiff's award was based on his "hyperglycemia." (*Id.*) On May 7, 2014, two years after Plaintiff received his settlement, and eight years after his six-month course of treatment with Seroquel, he was diagnosed with diabetes. (*Id.*) Plaintiff asks to appear "back in front of the Independent Settlement Administrator" for a new damages award. Plaintiff seeks compensation for his diabetes and, because AstraZeneca "makes all the diabetic supplies," he seeks punitive damages. (*Id.* at 6.) Plaintiff notes that an article in Bloomberg News indicated that the "average payout" in the Seroquel litigation was $25,000.

Plaintiff filed numerous letters in the state court class action seeking a "new class claims reconciliation." (*Id.* at 7). Plaintiff also mailed a motion to the state court, but it was returned to him; the letter returning the motion stated that it appeared that Plaintiff had intended to file the motion, which was captioned for the "United States Supreme Court," in federal court.[4]

Plaintiff contends that the law firms are responsible for providing "misinformation legal advice." (*Id.* at 6.) He sues AstraZeneca; Ferrer, Poirot & Wansbrough; and the Law Firm of Howard Nations. Plaintiff invokes federal question and diversity jurisdiction, and seeks millions in damages.

## DISCUSSION

As the Court has explained in two prior orders (ECF 8, 13), the subject matter jurisdiction of the federal district courts is limited. It is set forth generally in 28 U.S.C. §§ 1331 and 1332.

---

[4] As the Court has previously noted, the state court, upon receiving Plaintiff's application captioned for the "United States Supreme Court," seems to have erroneously concluded that he was attempting to file in federal court. If Plaintiff wishes to file a motion in the 2009 state court action, any application should be captioned for the "Supreme Court of the State of New York, County of New York." It appears from the documents attached to the original complaint that the 2009 class action is *Fishman v. AstraZeneca Pharmaceuticals, LP*, Index No. 09109049.

Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . ."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**A.      Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Merely invoking federal jurisdiction, without pleading any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

In his amended complaint, Plaintiff asserts that the Court has federal question jurisdiction of this matter. He states the following: "Jurisdiction is available in federal court only federal question is presented." (ECF 23 at 2.) Plaintiff does not reference any federal statutes or allege

4

that his claims arise under federal law. Plaintiff thus fails to show that the Court has federal question jurisdiction of this action.

**B.     Diversity Jurisdiction**

To establish diversity jurisdiction under Section 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, a plaintiff must allege to a "reasonable probability" that the claim is in excess of $75,000, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

As explained in the Court's prior orders, for purposes of diversity jurisdiction, an individual is a citizen of the State where he is domiciled. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (defining domicile as the place where a person has "his true fixed home . . . and to which, whenever he is absent, he has the intention of returning."). A corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," § 1332(c)(1),[5] and a limited partnership or other unincorporated entity possesses the citizenship of each of its members, *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016). *See also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (adhering to the "oft-repeated rule" that courts must "count every member of an unincorporated association for purposes of diversity jurisdiction"); *Handelsman v. Bedford Vill. Associates Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000) (holding that a limited partnership has the citizenship of each of its general and limited partners).

---

[5] *See also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters).

5

The Court has also explained more than once that Plaintiff could drop from his amended complaint any parties whose presence destroyed diversity jurisdiction, if they were not indispensable. The Court specifically noted that "if any defendant is, like Plaintiff, a citizen of Texas, Plaintiff must not include that defendant in his amended complaint because the presence of a defendant who is a citizen of the same state will destroy diversity jurisdiction." (Order to Amend, ECF 13 at 5.)

In the amended complaint, Plaintiff alleges that he "lives in Texas," (ECF 23 at 2), and it therefore appears that he is a citizen of Texas. He further alleges that "AstraZeneca Pharmaceutical, LP (AstraZeneca) [has its] principal place of business . . . in New York County." *Id.* The citizenship of a limited partnership, like AstraZeneca, depends on the citizenship of each of its general and limited partners. *Handelsman*, 213 F.3d at 52. Plaintiff has not pleaded facts about the general and limited partners of AstraZeneca and their citizenship. Plaintiff's allegations are therefore insufficient to plead that AstraZeneca Pharmaceutical, LP, is a citizen of New York.

Plaintiff provides Texas addresses for both law firm defendants, Ferrer, Poirot & Wansbrough and the Law Offices of Howard L. Nations, P.C. (ECF 23 at 4.) He does not plead any facts about the citizenship of Ferrer, Poirot & Wansbrough, other than the fact that its office is in Dallas, Texas. This defendant therefore appears to be, like Plaintiff, a citizen of Texas. Plaintiff alleges that the Law Offices of Howard L. Nations, P.C. is registered to do business in New York, and has an office in New York.[6] (ECF 23 at 5.) A law firm taking the form of a professional corporation is, like other corporations, a citizen of the state of incorporation and of

---

[6] It is unclear from the caption of the amended complaint if Plaintiff intends to sue Howard Nations as an individual, in addition to his law firm. Even if Plaintiff does intend to do so, he does not plead facts about where Nations is domiciled.

the state where it has its principal place of business. *Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc.*, 710 F.2d 87, 89 (2d Cir. 1983) (rejecting argument that under New York law professional corporations must be treated as partnerships); *Hoagland v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737 (7th Cir. 2004) (holding that a "professional corporation" is a corporation for purposes of diversity of citizenship). Plaintiff has not pleaded facts about the state of incorporation of the Law Offices of Howard L. Nations, P.C., and allegations that it is registered to do business in and has an office in New York, in addition to its office in Texas, are insufficient to show that it is a citizen of New York.

The Court thus cannot exercise diversity jurisdiction of this action because Plaintiff's amended complaint does not satisfy his burden of showing that diversity jurisdiction is complete. The Court has granted Plaintiff several opportunities to drop non-diverse defendants, but he has failed to do so. District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court therefore dismisses this action for lack of subject matter jurisdiction.[7]

## CONCLUSION

Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[7] For Plaintiff's benefit, the Court notes that a dismissal on the ground that the federal courts lack subject matter jurisdiction of this action is not a decision on the merits and does not prevent Plaintiff from pursuing the action in a state court of general jurisdiction, or from filing a motion in his state court class action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   September 26, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge
