UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERNEST EDWARD GAINES,

                Plaintiff,

-against-

ASTRAZENECA PHARMACEUTICAL, et al.,

                Defendants.

21-CV-5323 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, United States District Judge:

Plaintiff filed this action *pro se*. By order dated September 26, 2022, the Court dismissed the amended complaint for lack of subject matter jurisdiction. Now before the Court are two motions in this closed action: a motion under Rule 60(b) of the Federal Rules of Civil Procedure (ECF 49), and a motion for a stay and other relief (ECF 50).

## BACKGROUND

Plaintiff is incarcerated in Texas, and he indicates that he currently suffers from diabetes. In his initial complaint, Plaintiff asserted (1) claims against Astrazeneca Pharmaceutical, LP (Astrazeneca), which sells the medication Seroquel, and (2) claims against Texas law firms for their handling of a 2009 New York state-court class action suit against Astrazeneca, in which Plaintiff was a class member. *See Fishman et al. v. Astrazeneca Pharmaceuticals, LP, et al.*, Index No. 09109049 (N.Y. Sup. Ct.). Plaintiff alleged that from December 21, 2005, to June 12, 2006, while at the Dallas County Jail in Texas, he was prescribed Seroquel for his schizophrenia and bi-polar disorder. (ECF 2 at 22.) At the time of the class action settlement in 2012, Plaintiff had not been diagnosed with diabetes, and his net award— after paying $4,485.98 in attorney's fees and $392.26 in costs— was $6,336.71. (*Id.* at 35.)

In May 2014, while still incarcerated in Texas and approximately eight years after his 6-month course of treatment with Seroquel, Plaintiff was diagnosed with diabetes. Plaintiff now asserts in the amended complaint that the settlement that he received from Astrazeneca is not enough.[1] Plaintiff states that he read in a Bloomberg News article, which was published in February 2011, that the average payout for settlement of claims that Seroquel caused diabetes was $25,000. Plaintiff asserted that the attorneys "shortage[d] [him] on the settlement by $14,000." (*Id.* at 15.)

In his original complaint, Plaintiff neither asserted a federal claim nor pleaded facts establishing diversity jurisdiction, under 28 U.S.C. § 1332. The Court granted Plaintiff several opportunities to allege facts showing that the Court has subject matter jurisdiction of this action; notified him that he could drop any nondiverse defendants in order to establish diversity jurisdiction; and granted him repeated extensions of time to do so. (ECF Nos. 8, 11, 13, 18, 20.) The Court dismissed the action when Plaintiff failed to file an amended complaint within the extended deadline (ECF 21, 22), but then vacated the order of dismissal (ECF 31) after Plaintiff eventually filed an amended complaint (ECF 23).[2] Once the action was reopened, the Court reviewed the amended complaint and, by order dated September 26, 2022, dismissed it for lack of subject matter jurisdiction, on the ground that Plaintiff had failed to plead facts establishing either federal question or diversity jurisdiction.

---

[1] The Court has previously suggested that Plaintiff contact the settlement administrator for the state court action. Plaintiff had attempted to file documents in the state court action, but because he labeled the documents for the "United States Supreme Court," the state court misunderstood that the papers were intended for the federal court.

[2] After the Court vacated the order of dismissal, the Court of Appeals dismissed Plaintiff's appeal from an earlier order of this Court. (ECF 47.)

Plaintiff states that on October 17, 2022, after this action was closed, he mailed to the Court a "motion for panel rehearing / rehearing *en banc*," which he intended as a challenge to the order of dismissal.[3] That application does not appear on the Court's docket. On November 21, 2022, the Court received a letter from Plaintiff noting that he had not received a certified mail receipt for his October 17, 2022 motion.

Plaintiff now brings a motion, under Rule 60(b), which challenges the September 26, 2022 order of dismissal, and he incorporates his "motion for panel rehearing / rehearing *en banc*." (ECF 49.) Plaintiff also brings a motion (ECF 50), which is styled as (1) a request for leave to file a motion to stay, though this action is closed, and it is therefore unclear what actions Plaintiff seeks to stay; and (2) a request for an extension of time under Rule 30 of the Rules of the Supreme Court of the United States, in connection with an application to the Supreme Court of the State of New York.[4]

## DISCUSSION

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or

---

[3] Plaintiff also attaches the cover letter that he sent with the "motion for panel rehearing / rehearing *en banc*." Because Plaintiff references the Federal Rules of Appellate Procedure, and he had another "motion for panel rehearing / rehearing *en banc*" pending in the Court of Appeals for the Second Circuit, there may have been some confusion about whether his application was intended for the district or circuit court.

[4] The United States Supreme Court is the highest federal court. The Supreme Court of the State of New York is the trial court (or lower level court) for the State of New York.

3

applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court understands Plaintiff's motion to seek leave to reopen this action and file an amended complaint that drops the two law firms named as defendants: Ferrer, Poirot & Wansbrough, and "Howard L. Nations, The Nations Law Firm."[5] This would leave AstraZeneca as the sole defendant and, although Plaintiff's motion does not provide facts showing diversity jurisdiction, diversity of citizenship may exist between Plaintiff and AstraZeneca. The Court concludes that Plaintiff shows excusable neglect, under Rule 60(b)(1), and therefore grants Plaintiff's motion for reconsideration of the order of dismissal, reopens this action, and directs Plaintiff to file a second amended complaint that drops the non-diverse defendants and names Astrazeneca as the sole defendant.

In his second amended complaint, Plaintiff may wish to address: (1) the timeliness of his claims against Astrazeneca (given that he apparently took Seroquel in 2005-2006, discovered his diabetes in 2014, and commenced this action (with adjustment for the "prison mailbox rule") on April 2, 2020), and whether there is any basis for tolling of the limitations period;[6] (2) whether

---

[5] It was unclear if Plaintiff had intended to sue the individual attorney, Howard Nations, or his law firm.

[6] In New York, the statute of limitations for a personal injury action is three years from "the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier." N.Y. C.P.L.R. 214-c. There is no statute of repose. Although the Court makes no ruling on choice-of-law or the precise contours of Texas law, it appears that the statute of limitations for a personal injury action in Texas is two years, Tex. Civ. Prac. & Rem. Code § 16.003, and that a statute of repose bars claims made 15 years after the date of defendant's sale of a product, Tex. Code Ann. § 16.012.

Plaintiff is precluded from seeking further recovery from Astrazeneca, in light of his 2012 settlement in *Astrazeneca Pharmaceuticals, LP, et al.*, Index No. 09109049 (Sup. Ct.); and (3) whether venue of Plaintiff's claims against Astrazeneca, based on its alleged failure to include appropriate warnings on the drug Seroquel, which was prescribed and administered to Plaintiff in correctional facilities in Texas, lies in this district.[7]

Plaintiff's motion for a stay (ECF 50), which does not appear to make any cognizable arguments or seek recognizable relief, is denied.

Plaintiff may consult the legal clinic in this District that assists people who are parties in civil cases and do not have lawyers. The Clinic is run by a private organization called the New York Legal Assistance Group (NYLAG); it is not part of, or run by, the court (and, among other things, therefore cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit).

To receive limited-scope assistance from the Clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007. Once the paperwork is received, the Clinic will coordinate contact with the litigant, which may take up to two weeks. Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

## CONCLUSION

Plaintiff's motion for a stay (ECF 50) is denied. Plaintiff's motion for reconsideration, under Rule 60(b) of the Federal Rules of Civil Procedure (ECF 49) is granted, and the Court directs the Clerk of Court to reopen this matter. No summons shall issue at this time. The Court

---

[7] *See Gerena v. Korb*, 617 F.3d 197, 204 (2d Cir. 2010) ("[I]f a district court receives a case pursuant to a transfer under 28 U.S.C. § 1406(a), for improper venue, it logically applies the law of the state in which it sits, since the original venue, with its governing laws, was never a proper option"). If a case is transferred for convenience under 28 U.S.C. § 1404, the choice-of-law rules of the transferor state apply to evaluate which state's laws apply. *Id.*

directs Plaintiff to file a second amended complaint, as set forth in this order, within 60 days of the date of this order. Plaintiff's second amended complaint must be submitted to the Pro Se Intake Unit and labeled with docket number 21-CV-5323 (LTS). A second amended complaint form, and forms referring Plaintiff to the NYLAG clinic are attached to this order.

If Plaintiff does not file a second amended complaint within the time allowed, the Court will dismiss the amended complaint for lack of subject matter jurisdiction.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 7, 2023
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

**LEGAL CLINIC FOR PRO SE LITIGANTS IN THE
SOUTHERN DISTRICT OF NEW YORK**

LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

    **I. LIMITS OF ASSISTANCE**

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future. If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

    **II. FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY**

NYLAG does not charge for this assistance. You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility. NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

### III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time. NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

### IV. CONFIDENTIALITY

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

### V. REVIEW AND CONSENT

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.

_____          _____
Signature                                                                                             Date


**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

**NYLAG** — New York Legal Assistance Group

Revised 10/30/22

**Name** _____                **Date of Birth** _____

**Facility** _____

**Identification #** _____    **Email (if available)** _____

**How did you hear about our clinic? (Circle One)**

| | | |
|---|---|---|
| Pro Se Intake Office | Order/Letter from the Judge | Conference/Hearing with the Judge |
| Pro Se Information Package | Website | Friend/Family |

Other _____

**Ethnicity (Circle One)**

| | | |
|---|---|---|
| Asian/Pacific Islander | Hispanic | Caucasian |
| African American | Middle Eastern | Decline to Answer |
| African | Caribbean | |
| Native American | South Asian | |

**Education Level (Circle One)**

| | | |
|---|---|---|
| 8th Grade or Less | GED | 2-4 years of College/Vocational School |
| Some high school | College graduate | Decline to Answer |
| High school graduate | Graduate degree | |

**Gender:** _____

**SDNY Case Number:** _____

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____
_____
_____
_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name      Middle Initial      Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City      State      Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

**IV.    DEFENDANT INFORMATION**

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

## V.  STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                            Plaintiff's Signature

_____  _____  _____
First Name               Middle Initial   Last Name

_____
Prison Address

_____  _____  _____
County, City             State            Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____