UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERNEST EDWARD GAINES,

                Plaintiff,

      -against-

ASTRAZENECA PHARMACEUTICAL,

                Defendant.

21-CV-5323 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated in French Robertson Correctional Facility in Abilene, Texas, filed this action *pro se*. On July 14, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis*.[1]

      By order dated August 28, 2024 (ECF 70), the Court dismissed Plaintiff's Third Amended Complaint. On September 19, 2024, Plaintiff gave his notice of appeal to prison officials for mailing, and it is deemed filed as of that date. (ECF 73).[2] Several months later, on December 17, 2024, Plaintiff filed motions for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure, seeking to vacate the August 28, 2024 dismissal order. (ECF 74-76.) After reviewing the arguments in Plaintiff's submissions, the Court denies the motions.

## DISCUSSION

### A.    Effect of notice of appeal

      "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects

---

[1] On June 3, 2022, Plaintiff paid the $350.00 filing fee applicable to prisoners proceeding IFP by check. (ECF 32.)

[2] Plaintiff also filed a motion for permission to proceed IFP on appeal (ECF 77), but the Court had certified that IFP be denied on appeal. (ECF 70 at 11.)

of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Where a litigant files a motion under Rule 60(b) motion within 28 days after judgment, Fed. R. App. P. 4(a)(4)(A)(vi), a notice of appeal does not take effect until after the district court addresses the motion, Fed. R. App. P. 4(a)(4)(B)(i).

Here, the civil judgment dismissing Plaintiff's Third Amended Complaint was entered on the docket on September 3, 2024. Plaintiff's motions, seeking relief under Rule 60(b), were given to prison officials for mailing on December 17, 2024, and the court received the motions on January 2, 2025. (ECF Nos. 74-76.) Because Plaintiff's Rule 60(b) motions were filed on December 17, 2024, more than 28 days after entry of judgment, the pendency of the appeal deprives the Court of authority to grant the motions.

Rule 62.1 of the Federal Rules of Civil Procedure sets forth the options available to the district court when it lacks authority to grant a motion because of a pending appeal:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a).

For the reasons set forth below, the Court denies Plaintiff's Rule 60(b) motions.

**B.      Motion for relief from judgment**

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or

2

applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Briefly, the facts alleged in Plaintiff's pleadings are that, for a six-month period (from December 21, 2005, to June 12, 2006), while he was at the Dallas County Jail in Texas, he was prescribed Seroquel for his schizophrenia and bipolar disorder. Plaintiff participated in a class action suit brought in New York state court against Defendants Astrazeneca Pharmaceuticals LP, Astrazeneca LP, and Astra USA, Inc.[3] Two law firms acted as counsel for the class action: Ferrer, Poirot & Wansbrough, which Plaintiff described as a Dallas, Texas, law firm, and the Law Firm of Howard L. Nations, for which Plaintiff provided an address in Houston, Texas.[4] (ECF 23 at 5.)

In 2012, the class action suit settled. Counsel notified Plaintiff and other class members that recovery for the suit was less than expected because "the Seroquel team was never able to offer sufficient scientific proof that Seroquel causes diabetes-related injuries." (*Id.* at 33.) Plaintiff's share of the settlement was $11,214.95 and, after deduction of attorney's fees and costs, he received a settlement payment of $6,336.71. (*Id.* at 35.) At some point thereafter, Plaintiff read in a Bloomberg News article that the average payout for settlement of claims that Seroquel caused diabetes was $25,000. In 2014, Plaintiff was diagnosed with diabetes.

---

[3] The complaint for the class action suit stated that New York was designated as the place for trial based upon "Defendants' principal place of business," (ECF 2-1 at 37), that is, the principal place of business of Defendants Astrazeneca Pharmaceuticals LP, Astrazeneca LP, and Astra USA, Inc.

[4] Plaintiff attached to his original complaint a retainer agreement with counsel that included the following provision: "This contract is originated in, and performable in, the State of Texas. It is to be governed by Texas law. In the event of any dispute arising out of this contract, Texas law shall govern that dispute." (ECF 2 at 29.)

3

Plaintiff, who remained incarcerated in Texas at the time of bringing this action, gave his original 153-page complaint (ECF 2) to prison officials on June 9, 2021, for mailing. He sued the two law firms who acted as class counsel and "Astrazeneca Pharmaceutical." The Court ordered Plaintiff to show cause why the complaint should not be dismissed on the ground that he had not met his burden of demonstrating that the Court had subject matter jurisdiction of the action. (ECF 8.) The Court noted that Plaintiff had not pleaded adequate facts about Defendants' citizenship and that he had listed addresses for himself and both law firms in Texas (though documents attached to the complaint indicated that one law firm also had a satellite office in New York).

The Court thereafter granted Plaintiff two further opportunities to amend his complaint to replead facts about the citizenship of defendants and to drop any dispensable parties whose presence destroyed diversity jurisdiction, as well as at least four extensions of time to do so.

In Plaintiff's Third Amended Complaint, he named only Astrazeneca Pharmaceutical. He asserted that (1) non-party counsel "short[ed] him" $14,000 by paying him less than the average reported payout in other Seroquel class action suits; and (2) he had reported to his attorneys in 2009, before settlement in 2023, that he was "pre-diabetic" (ECF 69 at 5-6), presumably suggesting that his 2012 settlement compensation should have been greater.

The Court understands Plaintiff to be making three arguments in support of his motions to vacate the judgment: (1) he should be permitted discovery to show that representation by the class counsel in the state court action was inadequate (ECF 74 at 2); (2) Astrazeneca's headquarters is in New York, and thus the Court has diversity jurisdiction of his claims against it (ECF 76 at 1-2; ECF 2-1 at 37);[5] and (3) his complaint should be deemed filed as of April 2,

---

[5] In the order dismissing the Third Amended Complaint, the Court indeed concluded that

4

2020, the dated that he first filed in state court an application regarding the class action suit, which was captioned for the "United States Supreme Court for the State of New York" and was returned to him unfiled (ECF 76 at 2).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. Therefore, the motions under any of these clauses are denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motions are also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Plaintiff's motions for reconsideration (ECF Nos. 74-76) are denied. The Clerk of Court is directed to terminate all motions in this action.

---

it had diversity jurisdiction of Plaintiff's claims against Astrazeneca Pharmaceutical, which was the sole named defendant, but that Plaintiff failed to state a claim on which relief could be granted. (ECF 70.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   February 25. 2025
         New York, New York

      /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
      Chief United States District Judge